SCANNED
DATE: 11/29/04
BY: M.P.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH A. PULEIO,  )
      Petitioner,  )
    )
V.  )   CIVIL ACTION
    )   No. 85-2023-S
    )
GEORGE A. VOSE, JR.,  )
      Respondent.  )

PETITIONER'S AFFIDAVIT IN SUPPORT OF
MOTION FOR RELIEF FROM JUDGMENT

I, Joseph A. Puleio, being duly sworn, according to law, depose and say:

1. I am the petitioner in the above-captioned and numbered action;

2. I make this affidavit in support of my motion for relief from judgment from my own personal knowledge;

3. From the outset of the state criminal proceedings which underlie this case, I have maintained that the admission of the uncorroborated hearsay testimony of one Jacqueline LaMothe -- i.e., that "Bonnie Eaton" said "Joe Puleio" in response to LaMothe's purported question, "Who shot Sharon [Snow]", violated my right to confrontation embodied in the Sixth Amendment to the United States Constitution;

4. Throughout my state criminal trial, the Government relied heavily on LaMothe's said hearsay testimony to positively identify me as the individual responsible for causing Snow's death and, thereby, to convict me of first degree murder under the theory of transferred intent;

5. That, in fact, LaMothe's said hearsay testimony was the only evidence introduced by the Government that positively identified me by name as the individual responsible for causing Snow's death;

6. I challenged the admissibility of LaMothe's said hearsay testimony in the direct appeal of my murder conviction before the Massachusetts Supreme Judicial Court (SJC);

7. The SJC relied heavily on LaMothe's said hearsay testimony to affirm my state conviction for first degree murder;

8. I challenged the admissibility of LaMothe's said hearsay testimony in my petition for a writ of habeas corpus before this court;

9. In affirming the magistrate's decision to dismiss my federal habeas corpus petition, this court held, in part, that the admission of LaMothe's said hearsay testimony did not violate my Sixth Amendment right to confrontation;

10. This court's decision to affirm the dismissal of my federal habeas petition, based on a finding of admissibility of LaMothe's said hearsay testimony, was challenged in my appeal to the United States Court of Appeals for the First Circuit;

11. The United States Court of Appeals for the First Circuit relied, in part, on a finding of admissibility of LaMothe's said hearsay testimony to affirm this court's ruling to dismiss my federal habeas corpus petition, see, Puleio v.

Vose, 830 F.2d 1197, 1203-07 (1st Cir. 1987);

12. The admissibility of LaMothe's said hearsay testimony was challenged in my petition for a writ of certiorari, filed in the United States Supreme Court, from the decision of the United States Court of Appeals for the First Circuit to affirm the dismissal of my said federal habeas corpus petition;

13. On April 4, 1988, the United States Supreme Court denied my petition for a writ of certiorari to the United States Court of Appeals for the First Circuit in this case, see, Puleio v. Vose, 485 U.S. 990 (1988);

14. On March 8, 2004, the United States Supreme Court decided Crawford v. Washington, ___ U.S. ___, 124 S.Ct. 1354 (2004), and held that before testimonial hearsay evidence can be admitted at a criminal trial the declarant must be both unavailable and have been previously cross-examined by the defendant to that criminal action;

15. Because Crawford relies on a number of Supreme Court decisions that pre-date my state criminal trial, and I have maintained from the outset that LaMothe's said hearsay testimony violated my right to confrontation, Crawford is directly applicable to obtain relief, under Federal Rules of Civil Procedure 60(b)(4-6), from this court's judgment and order dismissing my federal habeas corpus petition;

16. Even if Crawford is considered a "new" rule of law, it announced a bedrock principle of criminal procedure implicit in the concept of ordered liberty and is, therefore, applic-

able to obtain relief from this court's judgment and order dismissing my federal habeas corpus petition under the second exception delineated in Teague v. Lane, 489 U.S. 288 (1989);

17. The foregoing is a true and accurate statement of the facts as I know them to be.

THIS AFFIDAVIT IS MADE AND SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 23RD DAY OF OCTOBER, 2004.

*Joseph A. Puleio*
Joseph A. Puleio
Affiant
One Administration Road
Bridgewater, MA 02324

On this 23rd day of October, 2004, before me, the undersigned notary public, personally appeared Joseph Puleio (name of document signer), proved to me through satisfactory evidence of identification, which were DOC ID W38097, to be the person whose name is signed on the preceding or attached document in my presence.

*Bruce [signature]* (official signature and seal of notary)
My commission expires 3/24/2006

CERTIFICATE OF SERVICE

I, Joseph A. Puleio, the petitioner, acting pro se, hereby certify that on the date below I served a true copy of the above pleading on Thomas F. Reilly, Attorney General for the Commonwealth of Massachusetts, by mailing same to his usual place of business, Office of the Attorney General, One Ashburton Place, 20th Floor, Boston, MA 02108, by first class United States mail, postage pre-paid.

Dated: 11-22-04

*Joseph A. Puleio*
Joseph A. Puleio
Affiant