UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                            )
JOSEPH A. PULEIO,           )
                            )
          Petitioner,       )
                            )     C.A. No. 04-12570-NG
          v.                )
                            )
GEORGE A. VOSE, JR.,        )
                            )
          Respondent.       )
                            )
GERTNER, D.J.:
```

<u>MEMORANDUM AND ORDER</u>

Before the court is the motion of petitioner Joseph A. Puleio under Rule 60(b) of the Federal Rules of Civil Procedure for relief from dismissal of a petition for habeas relief filed in 1985. For the reasons stated below, the Court denies the motion without prejudice and orders that Puleio's petition for relief be transferred to the First Circuit Court of Appeals.

<u>FACTS</u>

Puleio was convicted of first degree murder in a Massachusetts state court in March 1981. He is currently incarcerated at the Old Colony Correctional Center, a state facility located in Bridgewater, Massachusetts.

In 1985, after having exhausted his state remedies in regard to the March 1981 murder conviction, <u>see</u> <u>Commonwealth v. Puleio</u>, 394 Mass. 101 (1985), Puleio filed in this Court a

petition for habeas relief under 28 U.S.C. § 2254.  Puleio
argued, <u>inter alia</u>, that the admission of hearsay testimony
during his murder trial under the so-called "excited
utterance" exception to the rule against hearsay violated his
Sixth Amendment right to confront witnesses testifying against
him.  <u>See</u> <u>Puleio v. Vose</u>, C.A. No. 85-2023-S (D. Mass. Dec.
11, 1986) (Skinner, J.).  The Court denied the habeas
application on the merits.  <u>Id.</u>  The First Circuit Court of
Appeals affirmed the denial, holding that, under <u>United States
v. Bourjaily</u>, 483 U.S. 171 (1987) and <u>Ohio v. Roberts</u>, 448
U.S. 56 (1980), introduction of the "spontaneous utterances"
did not violate Puleio's rights under the Confrontation Clause
because the declarations in question were sufficiently
reliable.  <u>Puleio v. Vose</u>, 830 F.2d 1197, 1206-1207 (1st Cir.
1987).

On November 24, 2004, Puleio filed the pleading at hand,
characterizing it as a Rule 60(b) motion for relief from
judgment, accompanied by an affidavit and memorandum in
support of the motion.[1]  In his pleadings, Puleio argues that

---

[1]Although Puleio attempted to file his pleading under the
docket number of his 1985 habeas petition, the Clerk of this
Court assigned a new case number to Puleio's motion.

In his cover letter to the Clerk accompanying his
pleadings, Puleio states that he had included a motion for
appointment of counsel.  Puleio's papers, however, did not

the Court should revisit its dismissal of his habeas petition,
almost two decades old, in light of Crawford v. Washington,
541 U.S. 36, 124 S. Ct. 1354 (2004).  In Crawford, the Supreme
Court held that,  where testimonial hearsay evidence is at
issue, the Confrontation Clause of the Sixth Amendment permits
the introduction of such evidence into trial only upon a
showing of the "unavailability [of the declarant] and a prior
opportunity for cross-examination."  124 S. Ct. at 1374.  The
Court rejected the "reliability" test, stating that using
reliability as a measure of compliance with the Confrontation
Clause is "akin to dispensing with [a] jury trial because a
defendant is obviously guilty."  Id. at 1371.  In discarding
the reliability rubric in the context of the Confrontation
Clause, Crawford overruled or significantly abrogated Ohio v.
Roberts, see 124 S. Ct. at 1369-74, on which the district and
circuit courts had relied in adjudicating Puleio's 1985 habeas
petition.  Puleio thus maintains that Crawford requires that
his state murder conviction be overturned.

### DISCUSSION

The threshold issue on Puleio's motion is not the
implication of Crawford for Puleio's conviction, but rather
the more procedural inquiry of whether Puleio's Rule 60(b)

_____

include such a motion.

motion is in reality a petition for habeas relief under 28 U.S.C. § 2254. This is so because under the Antiterrorism and Effective Death Penalty Act of 1996, Pub L. No. 104-132, §§ 101-107, 110 Stat. 1214, 1217-26 (codified as amended in 28 U.S.C. §§ 2244, 2253-2255, 2261-2266 (2000)), district courts do not have subject matter jurisdiction over a second or successive habeas petition unless the petitioner has sought and received authorization from the court of appeals to proceed on such a petition. See 28 U.S.C. § 2244(b)(3)(A)[2]; Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003) (per curiam) (explaining that the district court lacks jurisdiction over habeas petitions that do not comply with 28 U.S.C. § 2244(b)(3)(A); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward."). Thus, because Puleio's 1985 petition for habeas relief under 28 U.S.C.

_____

[2]The court of appeals may authorize the filing of a second or successive application for habeas relief where the court "determines that the application makes a prima facie showing" that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(2)(A), 2244(b)(3)(C).

§ 2254 was adjudicated on the merits, I cannot entertain his present motion if it is in fact a second or successive application for habeas relief.

The First Circuit Court of Appeals has squarely addressed the question of when a pleading--regardless of its label--must be treated as a petition for habeas relief. See Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003). In Rodwell, a state inmate had filed a motion asking this Court to reopen his first federal habeas case, arguing that the prosecution had suppressed exculpatory evidence concerning a key witnesses's status as a jailhouse informant. 324 F.3d at 69. The First Circuit construed the motion as one brought under Rule 60(b) and considered whether it was in fact a second or successive § 2254 petition for the purposes of 28 U.S.C. § 2244. Eschewing a categorical approach to the question, the First Circuit embraced a "pragmatic" method of determining when a motion should be characterized as a petition for habeas relief. Under the First Circuit's approach, "the answer to the question of what law applies will depend not on the label affixed to a particular motion but on its essence." Id. at 70-71. "The court must examine the factual predicate set forth in support of a particular motion." Id. at 70. If "the motion's factual predicate deals primarily with the

constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition." <u>Id.</u>  Applying this rule, the First Circuit held that the petitioner's motion was an application for habeas relief. <u>Id.</u> at 72.  The court observed that the petitioner had "asked the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was 'constitutionally infirm,'" <u>id.</u> at 71-72, and explained that "[s]uch a claim is a paradigmatic habeas claim," <u>id.</u> at 72.

<u>Rodwell</u> requires that this Court treat Puleio's Rule 60(b) motion as a § 2254 petition.  As noted above, Puleio maintains that his conviction was in violation of his right under the Sixth Amendment to confront witnesses testifying against him.  Thus, as was the case in <u>Rodwell</u>, Puleio's motion "deals primarily with the constitutionality of the underlying state conviction or sentence." <u>Id.</u> at 70.[3]  Under

---

[3]In <u>Rodwell</u>, the First Circuit did recognize that "cases in which the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured [] the motion may be adjudicated under the jurisprudence of Rule 60(b)." 324 F.3d at 67. Citing this passage in <u>Rodwell</u>, Puleio argues that Rule 60(b) is the proper vehicle for obtaining the relief he seeks. Puleio maintains that the "factual predicate" supporting his present motion--namely, "the recent tectonic shift in the legal landscape initiated by <u>Crawford</u>"--is a challenge to the manner in which the earlier habeas judgment was procured. Puleio Mem. at 7.

28 U.S.C. § 2244(b)(3)(A), Puleio must therefore receive leave from the First Circuit Court of Appeals to file a second § 2254 petition prior to filing the petition in the district court.

As stated above, absent the authorization required under 28 U.S.C. § 2244(b)(3)(A), this Court does not have subject matter jurisdiction to entertain Puleio's present request for relief.  Although I would prefer to stay Puleio's action in this Court while he seeks authorization from the First Circuit to file a second habeas petition, "a district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals." Pratt, 129 F.3d at 57 (citations omitted); see also United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999)

---

Puleio has not, however, asked the Court to remedy any procedural flaw that may have occurred in the adjudication of his 1985 habeas petition; rather, the requested relief is that the Court "cause the writ of habeas corpus to issue."  Puleio Mem. at 26.  Thus, Puleio's position cannot be reconciled with the First Circuit's unambiguous holding in Rodwell that a purported Rule 60(b) motion attacking the constitutionality of an underlying conviction is in fact a petition for habeas relief.  See Rodwell, 324 F.3d at 67, 71; see also Alley v. Bell, --F.3d--, 2004 WL 2852689, at *5 (6th Cir. Dec. 14, 2004) (holding that new circuit law purportedly demonstrating the unconstitutionality of the petitioner's underlying sentence could not form the basis of a Rule 60(b) motion; explaining that the petitioner's claim "presents a direct challenge to the constitutionality of the underlying conviction"  (quoting Abudr' Rahman v. Bell, 392 F.3d 174, 181 (6th Cir. 2004) (en banc))).

(same).

In this case, justice and judicial efficiency are best served by transferring Puleio's petition to the First Circuit Court of Appeals under 28 U.S.C. § 1631.  See Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996); Gonzalez v. United States, 135 F. Supp. 2d 112, 120 (D. Mass. 2001). There, Puleio may receive authorization to file in this Court his petition for relief upon a showing that his present claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2244(b)(2)(A).  The Court advises Puleio that the papers he has filed here will be forwarded to the clerk of the First Circuit Court of Appeals. Upon receipt of these papers, the clerk for the First Circuit will mail to Puleio information regarding adjudication of requests to file a second or successive habeas petition. Included in this information will be a form which Puleio must complete and return to the First Circuit if he elects to continue with his petition.  The Court also notes that there is not a filing fee associated with seeking authorization from the First Circuit to file a second or successive habeas petition, as the motion is analogous to one under 28 U.S.C. § 1292(b) for permission to appeal.

CONCLUSION

ACCORDINGLY, the Court DENIES Puleio's motion without prejudice because it is an unauthorized second or successive petition for habeas relief.  The Court also orders that Puleio's motion be TRANSFERRED to the First Circuit Court of Appeals where Puleio may seek permission to file his second habeas petition in the district court.

The Clerk shall send a copy of this Memorandum and Order to Attorney General for the Commonwealth of Massachusetts, on whom Puleio served his motion.

SO ORDERED.

Dated at Boston, Massachusetts, this 20th day of January, 2005.


     /s/ Nancy Gertner
UNITED STATES DISTRICT JUDGE