UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -7 P 2: 37

U.S. DISTRICT COURT
DISTRICT OF MASS

JOSEPH A. PULEIO,
      Petitioner,

V.

GEORGE A. VOSE, JR.,
      Respondent.

CIVIL ACTION
No. 04-12570-NG

### PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

Now comes Joseph A. Puleio ("Puleio"), the petitioner, acting pro se in the above-captioned and numbered action, and respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 52(b) and 59(e), and under the authority of Browder v. Warden, 434 U.S. 257, 270-271 (1978), to alter and/or amend its judgment and orders denying movant's Rule 60(b) motion for relief from judgment, without prejudice, pending authorization to file a "second or successive" petition for relief under 28 U.S.C. § 2254; and ordering this case transferred to the United States Court of Appeals for the First Circuit for further proceedings, entered in this action on January 20, 2005,[1] by the court (Gertner, J.), to allow movant to file for a stay and abeyance of said proceedings pending a decision by the United States Supreme Court in the case cited as Gonzalez v. Crosby, 366 F.3d 1253 (11th Cir. 2005)(en banc), certiorari granted, United States Supreme Docket No. 04-6432 (January 14, 2005)(granting certiorari to

---

[1] Puleio received notice of the district court's judgment and order by mail on January 28, 2005.

resolve the conflict in the federal circuits regarding the applicability of Rule 60(b) motions in habeas proceedings).

As grounds therefore, Puleio asserts that the outcome of the decision in Gonzalez may void the district court's judgment and orders in the instant case. See Advisory Committee Note to Fed.R.Civ.P. 60 (any Civil Rule 60 ground for relief also may be raised in Civil Rule 59 motion within 10-day time limit). In support hereof, Puleio directs this court to the order of the United States Supreme Court granting certiorari in Gonzalez to resolve the question: Did the court of appeals err in holding that every Rule 60(b) motion (other than for fraud under 60(b)(3)) constitutes a prohibited "second or successive" petition as a matter of law, in square conflict with decisions of the Supreme Court and of other circuits? See Criminal Law Reporter, Vol. 76, No. 15, pg. 2121 (January 14, 2005)(copy attached). In further support hereof, Puleio submits his memorandum of law.

WHEREFORE, it is respectfully prayed this Honorable Court grants this motion for the reasons set out herein and in the accompanying memorandum of law, or for any and all other reasons this Court may deem just in the premises.

Dated: 1/31/05

Respectfully submitted,

*Joseph A. Puleio*

Joseph A. Puleio, pro se
Petitioner
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

CERTIFICATE OF SERVICE

I hereby certify that on the date below I served a true copy of the above pleading on Thomas F. Reilly, Attorney General for Massachusetts by mailing same to his usual place of business.

Dated: 1/31/05  *Joseph A. Puleio*



# CRIMINAL LAW REPORTER

**VOL. 76, NO. 15**  PROCEEDINGS OF THE U.S. SUPREME COURT  **JANUARY 19, 2005**

## Summary of Orders

### January 14 and 18, 2005, Sessions

At its session on January 14, 2005, the U.S. Supreme Court granted review in one case. At its session on January 18, the court denied review in 13 Appellate Docket cases.

The summaries below are of the case in which the court granted review and those cases on the Appellate Docket in which the court denied review.

### Review Granted

**04-6432 Gonzalez v. Crosby**
Habeas corpus—Fed.R.Civ.P. 60(b) motion—Second or successive petition.
   Ruling below (11th Cir. (en banc), 366 F.3d 1253):
   Fed.R.Civ.P. 60(b) motion requesting that prior judgment denying post-conviction relief, under either 28 U.S.C. § 2254 (for state prisoners) or 28 U.S.C. § 2255 (for federal prisoners), be set aside is second or successive petition under Antiterrorism and Effective Death Penalty Act, and thus should ordinarily be dismissed by district court unless (i) motion seeks to reopen prior judgment to correct clerical errors to judgment itself or (ii) there was fraud upon federal court that led to denial of habeas petition.
   Question presented: Did court of appeals err in holding that every Rule 60(b) motion (other than for fraud under (b)(3)) constitutes prohibited "second or successive" petition as matter of law, in square conflict with decisions of this court and of other circuits?
   Petition for certiorari filed 7/22/04, by Kathleen M. Williams and Paul M. Rashkind, both of Miami, Fla.

### Review Denied

**04-357 Gundy v. Scott**
Habeas corpus—Harmless error test—AEDPA.
   Ruling below (6th Cir., 100 Fed. Appx. 476):
   This court affirms district court's determination that violation of habeas corpus petitioner's right of confrontation at trial had substantial and injurious effect on jury's verdict and, therefore, was not harmless under standard set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993); panel of this court has previously held that it is Brecht standard that applies on habeas review despite enactment of Antiterrorism and Effective Death Penalty Act and this panel cannot overrule that decision; therefore, in determining whether petitioner is entitled to relief, this court will not apply AEDPA standard, under which petitioner would not be entitled to relief unless state court's finding of harmless error under Chapman v. California, 386 U.S. 18 (1967), was unreasonable application of that standard; petitioner is entitled to relief.

**04-439 Johnson v. United States**
Habeas corpus—Certificate of appealability—Right to counsel.
   Ruling below (5th Cir., 6/28/04):
   Habeas petitioner who alleges that his trial counsel rendered ineffective assistance by failing to locate potential witnesses and adequately prepare for trial examination of witnesses has not shown that reasonable jurists would find district court's dismissal of his petition to be debatable or wrong and, therefore, certificate of appealability is denied for failure to make substantial showing of denial of constitutional right.

**04-471 Faust v. Wisconsin**
Search and seizure—Drunk driving—Exigent circumstances—Blood draw following breath test.
   Ruling below (Wis., 2004 WI 99, 682 N.W.2d 371, 75 CrL 481):
   Because police cannot know when they administer breath test to suspected drunk driver pursuant to state's implied consent law whether result of that test is valid and usable, exigent circumstances may persist to justify nonconsensual warrantless blood draw under Fourth Amendment; securing of one reliable measure of blood alcohol does not render any subsequent warrantless, nonconsensual testing violative of Fourth Amendment or state constitutional analogue.

**04-531 Michigan v. Russell**
Right to counsel—Demand for new counsel absent showing that current counsel is ineffective—Trial court's forcing of defendant to proceed pro se.
   Ruling below (Mich., 471 Mich. 182, 684 N.W.2d 745):
   Defendant who repeatedly asserted that he did not "feel comfortable" with his appointed counsel and, when reminded by trial court of right of self-representation, repeatedly stated that he wanted different lawyer did not waive right to counsel and, to extent that his refusal to choose between continued representation by counsel he did not like and self-representation created any ambiguity regarding his desire to waive his right to trial counsel, that ambiguity