UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -7 P 2: 37

U.S. DISTRICT COURT
DISTRICT OF MASS

JOSEPH A. PULEIO,                    )
             Petitioner,        )
                           )
      V.                             )    CIVIL ACTION
                           )    No. 04-12570-NG
                           )
GEORGE A. VOSE, JR.,                 )
             Respondent.         )

## PETITIONER'S MEMORANDUM IN SUPPORT OF
## MOTION TO ALTER OR AMEND JUDGMENT

### INTRODUCTION

On November 24, 2004, Joseph A. Puleio ("Puleio"), rely-
ing on a well settled if somewhat conflicted practice among
the federal circuits, see Rodwell v. Pepe, 324 F.3d 66, 69-71
(1st Cir.2003), filed a Rule 60(b), Fed.R.Civ.P., motion for
relief from judgment from the dismissal of a petition for
habeas relief filed in 1985, accompanied by an affidavit and
memorandum in support.[1]  Puleio based his claim on Crawford v.
Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), which reaffirm-
ed the Court's holding in Mattox v. United States, 156 U.S.
237 (1895), a case Puleio relied upon in his pleadings before
this court in 1985.  (See Puleio's 1985 memorandum in support
of habeas relief at page 35 -- a copy of which is appended to
Puleio's memorandum filed in support of his Rule 60(b) motion.)

On January 14, 2005, the United States Supreme Court

---

[1]  Puleio also filed a motion for appointment of particular-
ized counsel along with his Rule 60(b) motion and related
pleadings.  Apparently, because it was filed in a stack of
unstapled pleadings and placed behind Puleio's memorandum
attachments, it was somehow either overlooked or lost in the
docketing process.

-2-

granted certiorari in <u>Gonzalez v. Crosby</u>, 366 F.3d 1253 (11th Cir.2004)(en banc), Supreme Court Docket No. 04-6432, to resolve a conflict among the federal circuits regarding whether the ruling by the court -- that every Rule 60(b) motion (other than for fraud under 60(b)(3)) constitutes a prohibited "second or successive" petition as a matter of law, is in square conflict with decisions of the Supreme Court and of other circuits.  See <u>Criminal Law Reporter</u>, Vol. 76, No. 14, pg. 2121 January 19, 2005.

On January 20, 2005, the district court denied Puleio's Rule 60(b) motion, without prejudice, ruling it a "second or successive" habeas petition the filing of which requires authorization from the Court of Appeals for the First Circuit; and ordering Puleio's motion transferred to that court for further proceedings should Puleio so elect. (Memorandum and order, Gertner, J., pgs. 4 n.2, and 9, 1/20/05).

Because certiorari has been granted in <u>Gonzalez</u> to resolve the same legal claim at issue here, the judgment and orders in this case are now in a state of flux.

<u>ARGUMENT</u>

> THE JUDGMENT AND ORDERS DENYING RULE 60(b) RELIEF AND TRANSFERRING THIS CASE TO THE COURT OF APPEALS FOR THE FIRST CIRCUIT SHOULD BE ALTERED AND/OR AMENDED TO ALLOW A STAY OF PROCEEDINGS PENDING A RULING BY THE UNITED STATES SUPREME COURT IN <u>GONZALEZ V. CROSBY</u>, 366 F.3d 1253 (11th Cir.2004) (en banc), CERTIORARI GRANTED (1/14/05), DOCKET NO. 04-6432.

Rule 52(b), of the Federal Rules of Civil Procedure,

-3-

holds, in pertinent part:

> b) Amendment.  Upon motion of a party
> made not later than 10 days after entry of
> judgment the court may amend its findings
> or make additional findings and may amend
> the judgment accordingly....

Rule 52(b), Fed.R.Civ.P., as amended.

Similarly, Rule 59(e), of the Federal Rules of Civil

Procedure states:

> e) Motion to Alter or Amend a Judgment.
> A motion to alter or amend the judgment
> shall be served not later than 10 days
> after entry of the judgment.

Rule 59(e), Fed.R.Civ.P., as amended.  Among the grounds for

relief that may be asserted in a Civil Rule 59 motion are:

lack of subject matter jurisdiction by the court; any other

factor rendering the judgment void; and any other reason jus-

tifying relief from the operation of the judgment.  See the

Advisory Committee Note to Fed.R.Civ.P. 60 (any Civil Rule 60

ground for relief also may be raised in a Civil Rule 59 motion

filed within 10-day time limit).  Additionally, "'[s]ince

specific grounds for a motion to alter or amend are not listed

in the rule, the district court enjoys considerable discretion

in granting or denying the motion.'" McDowell v. Calderon, 197

F.3 1253, 1255 n.1 (9th Cir.1999)(en banc)(per curiam), cert.

denied, 529 U.S. 1082 (2000), quoting 11 Federal Practice and

Procedure, § 2810.1, Charles Alan Wright, et al. (2nd ed. 1995).

In Gonzalez v. Crosby, 366 F.3d 1253, 1285-86 (11th Cir.

2004)(en banc), the court held, inter alia, that a Rule 60(b)

motion requesting that a prior judgment denying post-convic-

-4-

viction relief, under either 28 U.S.C. § 2254 or 28 U.S.C. § 2255, be set aside is a second or successive petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), Pul.L. No. 104-132, §§ 101-107, 110 Stat. 1214, 1217-26 (codified as amended in 28 U.S.C. §§ 2254, 2253-55, 2261-2266 (2000)), and thus should ordinarily be dismissed by the district court unless: (i) the motion seeks to reopen a prior judgment to correct clerical errors to the judgment itself; or, (ii) there was fraud upon the federal court that led to denial of the habeas petition. On July 22, 2004, Gonzalez, through his attorneys, petitioned for a writ of certiorari from the Court of Appeals for the Eleventh Circuit in the United States Supreme Court. On January 14, 2005, the Supreme Court granted certiorari in the Gonzalez case to address the question: Did the court of appeals err in holding that every Rule 60(b) motion (other than for fraud under 60(b)(3)) constitutes a prohibited "second or successive" petition as a matter of law, in square conflict with decisions of the Supreme Court and of other circuits? See Criminal Law Reporter, Vol. 76, No. 14, pg. 2121 (1/19/05).

Clearly, then, the Court's pending decision in Gonzalez will bear directly on the validity of this court's recent rulings denying Rule 60(b) relief and transferring this case to the First Circuit for further proceedings. As such, the court's said rulings ought to be altered and/or amended to allow the proceedings to be stayed and held in abeyance in

-5-

the interests of judicial economy.

It is against this backdrop that Puleio primarily moves this court, in the interests of judicial economy, to alter and/or amend its judgment and orders denying Rule 60(b) relief from judgment, and from transferring this case to the Court of Appeals for the First Circuit for further proceedings, to allow the proceedings to be stayed and held in abeyance pending the Supreme Court's decision in Gonzalez v. Crosby, Docket No. 04-6432.

It is also important to emphasize that, contrary to this court's recent decision denying Rule 60(b) relief, Puleio's Rule 60(b) motion does not rely on or advance a new factual predicate directly challenging the constitutionality of the underlying conviction. Cf., Rodwell v. Pepe, supra, 324 F.3d at 71. Rather, Puleio bases his Rule 60(b) claim on the manner in which the prior federal habeas judgment was procured, id. -- that is, the federal court's previous nescience[2] in its application of Mattox v. United States, 156 U.S. 237 (1895), the bedrock precedent upon which Crawford v. Washington, supra, 541 U.S. at ___, 124 S.Ct. at 1367-39, rests, to the confrontation clause claim that Puleio advanced in 1985. See Puleio's memorandum filed in support of Rule 60(b) relief at

---

[2]   Justice Selya's acerbation in applying Ohio v. Roberts, 448 U.S. 56 (1980), in the instant case is clearly evident in his opinion for the court in Puleio v. Vose, 830 F.2d 1197, 1204-05 (1st Cir.1987)("The last furculum of [Puleio's] challenge is not so facilely to be dismissed.... Since Roberts was announced, federal courts have marched in near perfect unison to the Roberts tune.").

-6-

pgs. 2 n.1, 5 n.3 (explicitly referencing Puleio's 1985 memo-
randum filed in support of habeas relief and directing this
court to his confrontation clause argument which specifically
quotes Mattox at pg. 35 (appended thereto as Attachment 1)),
and 22-23 citing Mattox in support of the proposition that
Crawford did not announce a new rule of constitutional law.

## CONCLUSION

For all of the reasons set out above, this court's judg-
ment and orders denying Rule 60(b) relief, and transferring
this case to the court of appeals for further proceedings,
should be altered and/or amended so as to allow the proceed-
ings to be stayed; ALTERNATIVELY, this court should alter
and/or amend its said rulings based on Puleio's claim that
the 1985 decision dismissing his habeas petition is cogniz-
able under the holding in Rodwell that countenances Rule 60(b)
relief -- that is, the factual predicate of Puleio's motion
challenges only the procurement of the federal habeas judg-
ment. Id. 324 F.3d at 71.

Dated: 1/31/05

CERTIFICATE OF SERVICE

I hereby certify that on the
date below I served a true copy
of the above pleading on Thomas
F. Reilly, Attorney General for
Massachusetts by mailing same
to his usual place of business.

Dated: 1/31/05    Joseph C. Puleio

Respectfully submitted,

Joseph C. Puleio

Joseph A. Puleio, pro se
Petitioner
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324