

# United States Court of Appeals
## For the First Circuit

No. 05-1129
D.C. #04-12570
J. Gertner

JOSEPH A. PULEIO,

Petitioner,

v.

GEORGE A. VOSE, JR.,

Respondent.

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

JUDGMENT

Entered: May 3, 2005

    Petitioner Joseph Puleio's request for permission to file a second or successive habeas application pursuant to 28 U.S.C. §2254 and §2244(b)(2) is denied. The district court correctly construed the factual predicate of petitioner's Rule 60(b) motion as a constitutional challenge and transferred the motion to this court for consideration as a successive habeas application. L.R. 22.2(e); Rodwell v. Pepe, 324 F.3d 66, 70-71 (1st Cir. 2003). Petitioner maintains that the United States Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), creates a new rule of constitutional law that renders an "excited utterance," previously admitted by the state trial court under the hearsay exception, now inadmissible. Petitioner's claim fails under 28 U.S.C. §2244(b)(2)(A) because he has not demonstrated that Crawford has been made retroactive on collateral review by the Supreme Court. See Horton v. Allen, 370 F.3d 75, 83 (1st Cir.

2004)(acknowledging that the question of whether <u>Crawford</u> applies retroactively in initial habeas petitions is undecided). Even if <u>Crawford</u> were to be made retroactive, petitioner would not likely convince us that an excited utterance made at the scene of a crime may be construed as the type of testimonial hearsay with which <u>Crawford</u> was concerned. <u>Crawford</u>, 541 U.S. at 1374; <u>Horton</u>, 370 F.3d at 84.

    Accordingly, petitioner's application is <u>denied</u>.

                          By the Court:

                          Richard Cushing Donovan, Clerk.

                      By: __**MARGARET CARTER**__
                            Chief Deputy Clerk.

Certified Copy to Hon. Nancy Gertner
Certified Copy to Ms. Thornton, Clerk USDC

cc:  Messrs. Puleio & Reilly